UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIC DUNCAN, | ) | CASE NO. 1:05 CV 1925 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DR. MENENDEZ, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

CHRISTOPHER A. BOYKO, J.:

      On August 4, 2005, pro se plaintiff Eric Duncan filed this Bivens[1] action against Miami Federal Detention Center (FDC-Miami) Employees Dr. Menendez, Nurse A.J. Reynaldo, Nurse Fernandez, Physician's Assistant Pierre-Louis, Counselor Burden, Corrections Officer Walters, Physician's Assistant Jane Doe, Warden Richard Stiff, and the Bureau of Prisons Southeast Regional Director John Doe. In the complaint, plaintiff alleges that he was denied appropriate medical care in violation of the Eighth and Fourteenth Amendments. He also seeks relief under state tort law.

---

    [1]   Bivens v. Six Unknown Agents, 403 U.S. 383 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

### *Background*

At the time the events described in the complaint occurred, Mr. Duncan was a federal inmate incarcerated in FDC-Miami, in Miami Florida.  He was subsequently transferred from the custody of the Federal Bureau of Prisons to the Ohio Department of Rehabilitation and Corrections where he remains incarcerated in the Richland Correctional Institution.

Mr. Duncan alleges he discovered a boil on his right knee on June 9, 2004.  He claims he alerted his unit staff and was told to sign up for sick call.  He contends the lesion became increasingly painful and swollen over the next several days.  He sought assistance from staff members but was told to wait until he was called for sick-call.  The first medical appointment he received was with Physician's Assistant Pierre-Louis on June 14, 2004. Mr. Duncan alleges he was given no medications or treatment of any kind.  He was transported to court in the custody of the United States Marshals Service on June 17, 2004.  At that time, one of the marshals noticed the lesion and summoned Dr. Menendez.  The lesion was diagnosed as a staphylococcus aureus infection, which is highly contagious and potentially fatal.

A determination was made to quarantine Mr. Duncan in the Special Housing Unit ("SHU") of the prison.  The SHU is generally utilized for disciplinary segregation of inmates and is not designed for medical treatment.  Mr. Duncan contends he was punished for having an illness.  Moreover, although he was told he would be released from the SHU in ten days, he was held there for an additional nine days.  He claims FDC-Miami was aware of an outbreak of staphylococcus aureus in the facility but made no effort to prevent the spread of the disease.  He asserts the defendants were deliberately indifferent to his serious medical needs, and denied him due process.

He also includes state law claims for medical malpractice, and "reckless negligence."(Compl. at 1.)

### *Analysis*

Mr. Duncan's tort claims against the federal defendants cannot proceed at this time. The Federal Tort Claims Act, 28 U.S.C. § 2674, is the exclusive avenue of recovery for the torts of a federal government employee. United States v. Smith, 499 U.S. 160, 166 (1991). However, before a party may bring such an action, the claim must first be submitted to the proper federal agency. 28 U.S.C. § 2675(a). Exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA. Id. The claimant must give the agency written notice of his claim that is sufficient to enable the agency to investigate and place a value on it. Douglas v. United States, 658 F.2d 445, 447 (6th Cir. 1981). There is no suggestion that Mr. Duncan attempted to exhaust his administrative remedies under the FTCA. These claims must be dismissed without prejudice.

The only claims which remain in the action are asserted under Bivens. This court is not the proper venue to hear these claims. A civil action wherein jurisdiction is not founded on diversity of citizenship may be brought only in a judicial district where any defendant resides, if all defendants reside in the same State, a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). In the present case, all of the defendants are residents of Florida, and all of the alleged events occurred in Florida. There are no facts in the complaint which reasonably suggest this is the appropriate judicial district in which to bring this action.

### *Conclusion*

Accordingly, Mr. Duncan's tort claims are dismissed without prejudice. The

remainder of this action is transferred to the United States District Court for the Southern District of Florida. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

       IT IS SO ORDERED.

       DATE:  10/21/05

                             /s/ Christopher A. Boyko
                            CHRISTOPHER A. BOYKO
                            UNITED STATES DISTRICT JUDGE

---

[2]   28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.